Frost, J.,
dissenting. The declaration described the land *500 as one entire tract. By this description, the plaintiffs claim, as included in the external boundaries, fifteen or more tracts of land, which the defendant, by two deeds, had conveyed to his son, Edward Broughton, junior. Barrillon, who had been appointed surveyor of the plaintiffs, by an order of Court, returned a plat of the land, and was examined as a witness. He testified that he had located, as represented in the plat, all the parcels, except two or three. The Circuit Judge was not satisfied with the evidence of the location; and to obviate the effect of his observations to the jury on that subject, the attorney for the plaintiffs tendered to the jury the form of a verdict, which they adopted, and accordingly found “ for the plaintiffs, the several tracts of land, conveyed in the deeds of Edward Broughton, senior, to Edward Broughton, junior.” These deeds were certified by the Judge who tried the case, to be those referred to in the verdict.
If an action of trespass to try title is brought to recover several tracts of land, the plaintiff may combine them all in one description, by the external boundaries of the whole, if they be contiguous; or he may declare for the several tracts, by a description of each. But whichever mode of description may be adopted, the plaintiff cannot recover any more than he can locate : because a judgment cannot be rendered for land which is not shewn to exist; and a trespass cannot be proved on land of which no locality is shewn. If it is not shewn that the tracts are contiguous, and united under one possession, a recovery for all the tracts cannot be supported by proof of a trespass on one of them. It cannot be known where two or three tracts, not located, may be situate. The tracts, not located in this case, may not lie in Sumter district. The plaintiffs, then, do not, by taking a verdict for the several tracts included in the deeds, escape from the objection that no judgment can be rendered for the entire tract described in the declaration, because two or three of the tracts were not located, nor shewn to be comprehended in the description. On this ground alone, the verdict should be set .aside and a new trial granted.
*501 But the most important ground of exception to the verdict is,' that it is variant from the issue made by the record.
The design of all the rules of pleading is, to attain and present a certain issue of law for the Court, or of fact for the jury. The declaration must state a sufficient cause of action, to support a judgment for the plaintiff. If it does not, as a general rule, judgment will he arrested after verdict. The defendant must answer the plaintiff’s case, or his plea will he overruled, on demurrer. The replication must not depart from the case made by the plaintiff in the declaration. Evidence must be confined to the issue. No certain issue can be presented, if the subject of the issue be uncertain. Hence the necessity that, in the declaration, the subject, of which recovery is sought by the action, should be described with particularity. The rules of pleading form a system of vexatious annoyance and expense, if it be not required that the verdict should be confined to the issue. It would be very idle and absurd to direct all the pleadings to the statement of a precise issue of fact, to be submitted to the jury, whilst the jury are not restrained, in their verdict, to the issue submitted. The judgment must conform to the verdict; and if the verdict vary from the issue, the judgment will be unsupported by the record, and present the inconsistency, a judgment affirming the right of the plaintiff to a subject, which does not appear, by the proceedings on which the judgment is rendered, to have been submitted to the consideration of - the Court. The rule of practice is well stated in Playier’s case, 5 Rep. 35. The declaration ought to reduce the generality of the writ to a particularity, and to declare that, with certainty, which' is briefly touched in the writ; to which the defendant may make a certain answer; and on which a certain judgment may be rendered, quia oportet quod certa res deducatur in judicium.
Less certainty is required in the statement of the subject of the action, when it is brought for damages, than when it is brought for the recovery of a particular thing.- When damages only are given, an imperfect statement of the plaintiff’s cause of action may be cured by intendment. But the rule applies to all *502 forms of action, that the verdict must not he variant from the declaration ; as if the verdict finds a bond or contract different from that declared on; or, in slander, words different from those set out. If the action is brought for a certain thing, it must be certainly described, in order that it may he identified, whether the subject of the action he a chattel or land. In detinue, the declaration must describe the chattel demanded, so certainly, that it may be known, to be delivered to the plaintiff in specie. Com. Dig. Pleader, Detinue. In real actions the land must he described with minute exactness, extending to the precise number of acres and the quality of the land, as it may be common, pasture, or arable. In ejectment less particularity is required. The reason assigned is, that in this action the land is not recovered ; but only the possession. In our action of trespass to try title, the reason for the exception of ejectment from the rule that obtains in real actions, does not apply. Since ejectment has become, in England, the most common action for trying the title to land, the reason has ceased there also. Yet still, in ejectment, a less exact description of the land is required, than in real actions. But a practical degree of certainty in the pleadings and verdict is enforced. In Luxon vs. Andrews, March’s new cases, ejectment was brought for a messuage. The jury found the defendant guilty, as to so much of the messuage as stood upon a certain river. A distinction was taken between trespass, in which damages only could be recovered, and ejectment, in which the thing itself is recovered ; and it was held, that though a verdict, which finds only a part of the land demanded, is good, it can only he so when it finds a certain part, because, otherwise, the Court cannot give judgment. Crawley, J. differed from the Court, and argued “ that the verdict should be good, because the demand here is certain (that is, certainly described in the declaration) although the jury found it only in tanto ; but if the writ had been brought in the terms of the verdict, it would not have been good.” To which it was replied, by Reeve, J., that which is naught in the demand, is naught in the verdict; and, therefore, *503 naught in the judgment; and, therefore, the Court could not give judgment.”
In our Courts, no satisfactory rule respecting the requisite certainty of the description and verdict, in trespass to try title, is to be found. In Heyward vs. Bennett, (3 Brev. 113,) the verdict found for the plaintiff “ all the lands laying westward of Cox’s creek, from the mouth thereof upwards, until it intersects the first boundary line it comes to.” A new trial was granted on account of the uncertainty. In Lahiffe vs. Hunter, (Harp. 184,) the declaration described the land as “ the plantation called Green Grove, lying on the north-east side of the road to Ashley ferry.” The verdict found for the plaintiff the land described in the declaration. The judgment of the Court, refusing a new trial, was sustained, on the ground that the defendant had made default, and thereby admitted the locus in quo. The case of Frean ads. Cruikshanks, may be cited to maintain the opinion of the Court in the case now adjudged. The declaration charged a trespass on the lot and close of the plaintiff, in State Street in Charleston. The verdict found for the plaintiff the lot, adding the boundaries. On a motion for a new trial, it was admitted the verdict could not supply the imperfect description in the declaration ; but it was held good “ as a general verdict for the plaintiff;” and it was intimated that the description might be sufficient, because the plaintiff had to point out to the sheriff the close recovered, and must take possession at his peril. It is difficult to comprehend what is meant by a good “ general verdict for the plaintiff.” If the additional description is expunged from the verdict, it finds for the plaintiff premises, by a description, confessed in the opinion of the Court, to be insufficient to identify them. A good “ general verdict for the plaintiff,” then, seems to mean a verdict which finds for the plaintiff a lot or tract of land, without certainly ascertaining what particular lot or tract of land it is. The judgment on such a verdict can only be, that the plaintiff recover a tract of land undesignated, and, therefore, unknown, with the authority of the Court to take possession of it at his peril. In Jones vs. Moore & Owens, (5 Strob. *504 134,) this Court made somo advance towards establishing a rule of practical certainty, in trespass to Iry title, by holding, that a verdict for an undivided distributive share of land is void, for uncertainty; and that such an interest should be designated, as a certain aliquot part of the land, or otherwise certainly expressed.
By our practice, the land claimed in an action to try title, is usually described in the declaration by the description used in the plaintiff’s title deeds ; though sometimes, by other and more accurate metes and boundaries. A surveyor is appointed by the Court to survey the plaintiff’s claim, and is required to return to the Court a plat of the land, exhibiting its shape, boundaries, and the marks of its location. The verdict may find the premises described in the declaration; or, which is more common, because more certain, the verdict may describe the land found for the plaintiff, by reference to the plat. This is certified by the Judge, and becomes a part of the record. On the trial, the surveyor, and other witnesses, if necessary, are examined to prove the location of the land claimed by the plaintiff, and that it is represented by the plat. If the plaintiff fails to locate his claim, or succeeds only partially, his action is defeated, in whole or in part. It has never been heretofore permitted, when the plaintiff has failed to prove the location of the land described in the de-> claration, that he should take a verdict for the lands described in the deeds produced in evidence of his title.
If the verdict may vary from the issue, and find for the plaintiff, land, by some other description than that set out in the pleading, it is a useless form to require any description of the land demanded in the declaration. The parties may as well go to trial on a blank sheet of paper, with liberty to the plaintiff to take a verdict for any lands for which he may prove the title deeds.
It may be affirmed, in support of the judgment of the Court, that it is sufficient if the verdict finds, substantially, the matter in issue. That is true, as a general rule. But a verdict, to be supported as a substantial finding, must find the matter in issue, *505 as certainly as if the finding conformed to the issue. There must be no uncertainty whether the thing found is identical with the thing described in the pleading. If the verdict finds the subject of recovery, by terms of description different from those which describe the subject of litigation, it must be uncertain whether the subject found is the same as that demanded. Extrinsic evidence is necessary to shew the identity. Less certainty should not be permitted in a judgment, than in other assurances of title. The law exacts that certainty in deeds, and other written instruments of contracts or transfer of title, that no parol evidence can be received to add to, vary, or explain them. The very fact that a verdict does not conform to the issue, excites suspicion that it does not find the subject of the issue. If it were not so, why should the verdict vary from the prescribed form ? A title to land is wortfr nothing if it be not located. Location is the most frequent subject of litigation. A verdict, which finds the lands described in the plaintiff’s title deeds, presents all the uncertainty and litigation which must attend the location of them. Such a verdict is very different from a verdict which finds the land by reference to the plat, in evidence on the trial. The plat identifies the subject of recovery more certainly than any terms of verbal description could do ; and a verdict referring to it may well be supported as a substantial finding, because more certain than if it referred to the description in the declaration.
In Connor vs. West, (5 Burr. 2672,) Lord Mansfield affirmed that, in ejectment, the certainty of the description need not be such, as that the sheriff might know of what to put the plaintiff in possession; because the plaintiff must point out the land to the sheriff, and take possession, at his peril; and, if necessary, an issue may be directed to ascertain what land is recovered by the judgment. The condition of land in England is widely different from its condition in this State. The obnoxious tendency of such a rule must be obviated, there, in some way, not intelligible without familiarity with the practice in the English Courts. The rule is inapplicable, in practice, to actions for the *506 recovery of land in this State; and, in theory, inconsistent with any useful purpose of a judicial recovery. In England, every close is known by its exact dimension, and located by immemorial boundaries. In this State, many conflicting grants cover the same tract. Deeds of conveyance too commonly manifest the unskilfulness and ignorance of those who draw them. No accuracy is found in surveys and plats of land. The boundaries of a tract of land have to he traced along lines, indicated by marks on trees, and by stakes and stumps, and other evidence equally perishable and uncertain. Location is the most frequent issue in actions of trespass to try title: A verdict, finding for the plaintiff the land contained in his deeds, leaves undecided the most disputable subject of the litigation.
A judgment, on 'such a verdict, is worthless for any practical purpose, and a useless form.
By what terms shall a judgment be characterized, which adjudges to the plaintiff fifteen tracts of land somewhere, and sends the plaintiff and sheriff to hunt .for them, and take possession at their peril? The plaintiff might have done this without going to law. Such a judgment only serves to originate fresh contention. If the plaintiff and person in possession are orderly men, they may join in an issue t.o try what has been adjudged. But the party in possession may reject such proposal, and resist any attempt to dispossess them. A posse is summoned on one side, and friends called in aid by the other; and the issue on the judgment of the Court, to determine what is adjudged, may be involved in the plea of .not guilty, on an indictment for riot or murder.